1  **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9    United States of America,                No. CV12-00482-PHX-DGC

10                      Plaintiff,            **ORDER**

11   v.

12   Grace Xunmei Li,

13                      Defendant.

14

15         Before the Court is a motion by Plaintiff the United States of America to exclude

16   the expert witness of Defendant Grace Xunmei Li.   Defendant's request for oral

17   argument is denied because the issues have been fully briefed and oral argument will

18   not aid the Court's decision.   *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 11 F.3d

19   920, 926 (9th Cir. 1998).   For the reasons set forth below, the Court will deny the

20   motion.

21   **I.      Background.**

22         In seeking revocation of Li's citizenship, the government contends that Li made

23   false oral representations during her April 18, 2005 naturalization interview with

24   United States Citizenship and Immigration Services ("USCIS") officer Que-Huong

25   Nguyen that mirrored responses on her N-400 Application for Naturalization.   Doc. 16

26   at ¶ 24; Doc. 20 at ¶ 24.   Li denies that she made any oral false statement during the

27   interview as required to satisfy the false "testimony" requirement for revocation of

28   citizenship under 8 U.S.C. § 1101(f)(6).   Doc. 20 at ¶ 47; *Kungys v. United States*,

485 U.S. 759, 780 (1988).[1]  Ms. Nguyen has represented that she does not recall the interview with Li.  Doc. 109-1 at 7.

In her defense, Li intends to offer the expert testimony of Robert Mautino, an immigration and naturalization attorney.  Doc. 109-1.  Mr. Mautino will testify "about practices and procedures followed by Citizenship and Immigration Services adjudicators during naturalization interviews," and "about the materiality of alleged misstatements by Ms. Li during her naturalization application process and whether those misstatements resulted in her procuring an immigration benefit that she otherwise would not have received."  Doc. 109-1 at 5.

Mr. Mautino's opinions are based on his background and experience in practicing immigration law, and pleadings and documents supplied by Li's counsel.  *Id.*  According to Mr. Mautino's estimates, he has represented between 800 and 1,000 applicants in naturalization cases in his career, each of which included at least one interview with a naturalization examiner or other authorized agent.  *Id.*

The government seeks to have Mr. Mautino's testimony excluded for two reasons.  First, the government argues that Mr. Mautino's testimony regarding the practices and procedures of USCIS adjudicators during naturalization interviews is not based on reliable principles and methods.  Second, it argues that Mr. Mautino's testimony about the materiality of any statements that Li may have made is impermissible legal opinion that encroaches on the province of the court.

**II.    Discussion.**

Federal Rule of Evidence 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or

---

[1] Li did plead guilty to False Statements Relating to Naturalization in violation of 18 U.S.C. § 1015(a) and admitted to false statements and omissions in her N-400 application.  Doc. 25-3 at 3.

otherwise." If expert testimony lacks either reliability or relevance, it must be excluded. *Cooper v. Brown*, 510 F.3d 870, 943 (9th Cir. 2007).

### A.    Reliability of Expert Methodology.

The government argues that Mr. Mautino's testimony regarding USCIS practice and procedures during naturalization interviews lacks a sound scientific basis because it is based on anecdotal methods, rather than any formal or informal survey. Doc. 109 at 7. This argument fails under well-established precedent.

Experts are permitted wide latitude to offer opinions under Rule 702. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993). When an expert is testifying on a non-scientific subject based on his or her experience in a specialized area, the exacting standards of *Daubert* "simply are not applicable to this kind of testimony, whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) ("Engineering testimony rests upon scientific foundations, the reliability of which will be at issue in some cases . . . . In other cases, the relevant reliability concerns may focus upon personal knowledge or experience.")).

The Court must nonetheless "make some kind of reliability determination to fulfill its gatekeeping function." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1018 (9th Cir. 2004). Mr. Mautino's qualifications and experience as stated in his affidavit satisfy the Court that he has first-hand experience in an area that is relevant to the issues in the case. Mr. Mautino estimates that he has assisted clients in up to 1,000 naturalization cases over the 30-year course of his career, all of which included a naturalization interview. Doc. 109-1 at 5. Mr. Mautino has been recognized by the California State Bar as a specialist in immigration and nationality law, and has served as both Chairman and on the Board of Governors of the American Immigration Lawyers' Association, a nationally recognized legal association devoted to

1    this area of law.  *Id.* at 11.  The Court is satisfied that Mr. Mautino has the experience

2    and qualifications to opine on issues related to naturalization interviews, and cannot

3    conclude that his opinions should be excluded as unreliable.  The government will have

4    a full and fair opportunity to cross-examine Mr. Mautino at trial and challenge the

5    credibility of his opinions.

6            **B.      Impermissible Legal Opinion.**

7            It is well-established that "an expert witness cannot give an opinion as to her

8    *legal conclusion*, i.e., an opinion on an ultimate issue of law."  *Nationwide Transp.*

9    *Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (emphasis in

10   original).  The Court cannot conclude, however, that materiality is purely a question of

11   law.   Juries often decide materiality, applying the appropriate legal definition of

12   materiality to misrepresentations or omissions and the context in which they were

13   made.  Expert testimony can prove helpful in making this determination.

14           In addition, concerns about undue expert influence are diminished in a bench

15   trial.  The Court generally is in a better position than a jury to assess the credibility and

16   reliability of an expert's testimony.  *United States v. Hall*, 969 F.2d 1102, 1110 (D.C.

17   Cir. 1992) ("The perceived danger of indiscriminate admission of expert testimony is

18   that 'because of its aura of special reliability and trust' it can unduly bias the

19   factfinder.").   The Court is not in danger of being "swayed by the 'aura' of the

20   expert's testimony."  *Id.* at 1102.

21           Even if the Court accepted Mr. Mautino's testimony as fact testimony, it is

22   relevant to the Court's assessment of the processes and procedures employed by

23   USCIS.  This is particularly true given that the government has identified Mr. Alan

24   Susoeff, a Supervisory Immigration Services Officer and the supervisor to Ms. Nguyen

25   at the time of Li's interview, to testify to the practices and procedures of USCIS.

26   Doc. 120 at 11.  The Court must determine whether the alleged statements by Li "had

27   a natural tendency to influence the decisions of the Immigration and Naturalization

28

Service." *Kungys*, 485 U.S. at 772.  Legal and practical expertise from both Li and the government's witness will assist the Court in this assessment, and the Court anticipates that Mr. Mautino's testimony as to the import of the alleged misstatements will be met by the government witness's testimony to the same.

**IT IS ORDERED** that the government's motion to exclude Defendant's expert (Doc. 109) is **denied**.

Dated this 3rd day of December, 2013.

David G. Campbell
United States District Judge