**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Grace Xunmei Li,<br><br>                Defendant. | No. CV-12-00482-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed a motion for leave to modify a discovery deadline in order to disclose an expert witness. Doc. 125. The motion is fully briefed and neither party has requested oral argument. Docs. 136, 141. The motion will be denied.

Defendant has filed a motion to resume the deposition of Gang Chen. Doc. 128. The motion is fully briefed. Docs. 132, 142. Plaintiff's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 11 F.3d 920, 926 (9th Cir. 1998). For the reasons set forth herein, the Court will deny the motion.

**I.   Motion to modify discovery deadline to add expert.**

Plaintiff seeks leave of Court to modify the discovery deadlines to add an expert document examiner. Doc. 125. Case management schedules "may be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005). "Good cause" exists when a deadline "cannot

reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 cmt. (b). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.

Plaintiff asserts the expert is needed to testify that the handwriting on the N-400 application of Gang Chen – the individual Plaintiff alleges to be Defendant's bigamous husband – is Defendant's handwriting. *Id*. at 2. Defendant has conceded the handwriting is hers, and has offered to serve an amended response to the requests for admission clarifying such. Doc. 136. The discovery deadline will not be extended to accommodate an unnecessary expert witness. The motion is denied without prejudice and Defendant is hereby ordered to amend her response to Plaintiff's requests for admission to clarify her position on this matter.

## II.     Motion to resume deposition of Gang Chen.

### A.     Background.

Defendant has filed a motion to resume the deposition of Gang Chen under fair and equitable circumstances. Doc. 128. Defendant argues that the government deported Chen to China before she had a full and fair opportunity to depose him, and that Chen's testimony is vital to corroborating her defense that she never intended to be legally married to him and Anthony Bambrough at the same time.

Gang Chen was placed in removal proceedings on July 17, 2010. Doc. 132 at 3. He was arrested and placed in custody on May 19, 2012, and was ordered removed on January 7, 2013. *Id*. Chen was declared a flight risk by the immigration court, and the Board of Immigration Appeals denied his appeal of his order of removal. *Id*. Chen sought review in the Ninth Circuit Court of Appeals and simultaneously moved for a stay of removal pending the resolution of his petition. *Id*. at 4.

Meanwhile, Chen was deposed in this case on September 3 and 13, 2013, at the West County Detention Facility in Richmond, California. *Id*. Defendant asserts that Plaintiff's attorneys questioned Chen for the entirety of both sessions. Upon concluding the session on September 13, counsel for both parties agreed to schedule

another session to complete Chen's deposition on October 4, 2013. On September 5, 2013, however, Chen had withdrawn his motion for a stay from the Ninth Circuit, and on September 27, 2013, Chen was removed to China. *Id*. at 7.

Defendant asserts that the Plaintiff, as "The Government," created an inequitable situation by deporting Chen. She asks the Court for one of three alternative forms of relief so that she may finish Chen's deposition in person: (1) order Plaintiff to grant Chen temporary admission into the United States under 8 U.S.C. § 1182(d)(5)(A); (2) order Plaintiff to fly Chen to a U.S. airport and allow the deposition to continue in an international zone at the airport; or (3) order Plaintiff to pay to send defense counsel to China to depose Chen. Doc. 128 at 5-6. The Court has already rejected the last alternative in a text entry order on October 18, 2013. The Court now rejects the other requested forms of relief.

**B.    Temporary parole into the United States**.

Defendant argues that the government has the power to parole Chen back into the United States for a limited time to complete his deposition under 8 U.S.C. § 1182(d)(5)(A). This section provides:

> The Attorney General may. . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

The Court has no authority to review denials of discretionary immigration relief, including "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8

U.S.C. § 1252(a)(2)(B). The Attorney General has not exercised his discretion to grant relief to Chen, and Defendant cites no authority under which this Court could compel the Attorney General to exercise such discretion.[1]

Defendant's inclusion of the declaration of Jodilyn Marie Goodwin, describing her client's parole for the purposes of being deposed, is not persuasive. A brief description of a situation in which the Attorney General's discretion was, in fact, exercised to grant parole is not legal authority for this Court to order the Attorney General to do so here.

Defendant does not provide any other authority under which this Court could compel the government to produce a non-employee, third-party witness, currently residing outside of its subpoena power. *See* Fed. R. Civ. P. 45(c). This extraordinary form of relief is not justified and this request is denied.

### C. Deposition in the international zone of a U.S. airport.

Defendant cites the same statute, 8 U.S.C. § 1182(d)(5)(A), to support its request that the Court order Chen's deposition to be taken in the international area of a U.S. airport. For reasons stated above, the Court concludes that the statute does not authorize this relief, and Defendant has identified no other authority for ordering the Attorney General to transport Chen to the international area of a U.S. airport for the purpose of taking his deposition.

### D. Remote video deposition.

The Federal Rules of Civil Procedure authorize remote video depositions. Fed. R. Civ. P. 30(b)(4) ("the parties may stipulate – or the court may on motion order – that a deposition be taken by telephone or other remote means"). The party seeking to take a deposition by video-teleconferencing must establish a legitimate reason for its

---

[1] Even if the Court had power to compel the Attorney General to act, it would not do so. The statutory provision that provides discretion to temporarily parole parties into the United States allows such action only "for urgent humanitarian reasons or significant public benefit." Defendants have made no showing that the deposition of a third party witness in this case is required for urgent humanitarian reasons or that it would provide significant public benefit.

motion. *Brown v. Carr*, 253 F.R.D. 410, 412 (S.D. Tex. 2008); *Brown v. Carr*, 236 F.R.D. 311, 312 (S.D. Tex. 2006); *Cressler v. Neuenschwander*, 170 F.R.D. 20, 21 (D. Kan. 1996)). The Court has already found that Chen's removal to China makes video-teleconferencing the most reasonable, cost-efficient manner in which to finish his deposition. Doc. 117. Defendant – the party opposing the video deposition – now bears the burden of showing prejudice. *Carr*, 253 F.R.D. at 412.

Defendant's arguments that she would be prejudiced by finishing the deposition by remote video are not persuasive. Defendant cites concerns about the accuracy of Chen's testimony, the nuances of translating his testimony, the ability to hear clearly, Chen's access to his American counsel, and Li's access to Chen, his counsel, and the interpreter. Doc. 142 at 1. Concerns about accuracy due to language or translation barriers would exist in any deposition of Chen, and the Court is not persuaded that modern video-conference technology will present audio problems. Nor can the Court credit concerns about access to counsel when a video conference has not been attempted.

**IT IS ORDERED:**

1. The motion for leave to modify a discovery deadline (Doc. 125) is **denied**.
2. The motion to resume the deposition of Gang Chen under fair and equitable circumstances (Doc. 128) is **denied**.
3. Mr. Chen's deposition shall be completed by video conference.

Dated this 19th day of December, 2013.

David G. Campbell
United States District Judge