**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-12-00482-PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| Grace Xunmei Li, | |
| Defendant. | |

Defendant Li has filed a motion to stay execution of the Court's judgment revoking her citizenship. Doc. 224. The motion is fully briefed (Docs. 227, 229) and no party has requested oral argument. The Court will deny the motion.

To obtain a stay, Defendant "'must show either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in [Defendant's] favor.'" *Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011) (quoting *Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998)). The Ninth Circuit has explained that the "probability of success" standard does not "demand a showing that success is more likely than not." *Id*. Rather, "a petitioner must show, at a minimum, that she has a substantial case for relief on the merits." *Id.*

The Court concludes that Defendant has not shown a substantial case for relief or the existence of serious questions. For reasons explained in detail in the Court's ruling following the bench trial in this matter, the Court found that the government "met its burden of proof on Counts I, IV, and VI by clear, unequivocal, and convincing evidence,

1  with no legitimate room for doubt." Doc. 215 at 25. Defendant argues that reasonable
2  jurists can view evidence differently. This certainly is true, but the Court assumes that
3  the appellate court will review factual findings for clear error. Given the overwhelming
4  evidence presented by the government at trial, the Court cannot conclude that a clear
5  error argument presents a substantial case for relief on the merits or the existence of
6  serious questions. *See* Doc. 215.

7  Nor can the Court find such a substantial case or serious questions in the handling
8  of the Chen deposition. Discovery in this case began in early March 2013. Doc. 58. The
9  government noticed Chen's deposition in early August, and it began in September.
10 Doc. 69. Defendant did not raise the issue of Chen's removal from the United States
11 until September 26, 2014, the eve of his departure. The Court's order on that date reads
12 as follows:

> During a hastily arranged conference call this afternoon, counsel for Defendant asked the Court to bar the deportation of Mr. Chen, an important witness in this case, pending completion of his ongoing deposition. Mr. Chen apparently is due to be deported by the U.S. government tomorrow morning. The Court has searched for statutory, regulatory, or case authority suggesting that it can order that Mr. Chen not be removed, and has found none. 8 U.S.C. § 1252(f)(2) states that the Court lacks authority to enjoin his removal "notwithstanding any other provision of law." (8 U.S.C. 1252(g), also cited by Plaintiff during the conference call, does not apply because it concerns actions taken by or on behalf of the alien, and this emergency request for relief is not made by or on behalf of Mr. Chen.) Because the parties have cited no authority that would empower the Court to bar the removal, section 1252(f)(2) seems to suggest that the Court lacks the power, and the Court has found no relevant authority in the short time it has had to search, the Court will not enter an order barring the removal. The Court makes no decision on the effect of Mr. Chen's removal on this ongoing case or the evidence that can be used in this case.

26 Doc. 107. Defendant had more than six months to complete Chen's deposition before he
27 was removed, but did not raise this issue until the last minute. And when the issue was
28 raised, Defendant cited no persuasive legal authority to support her request.

- 2 -

1 After Chen was removed, the Court encouraged the parties to complete his deposition by video feed (Doc. 117), but Defendant opposed that suggestion, arguing that there would be interpretation problems and Chen's access to counsel would be limited. The Court found no authority to parole Chen back into the United States or fly him to a neutral airport as Defendant suggested (Doc. 149 at 3-4), and was not persuaded by Defendant's reasons for opposing a video deposition:

> Defendant's arguments that she would be prejudiced by finishing the deposition by remote video are not persuasive. Defendant cites concerns about the accuracy of Chen's testimony, the nuances of translating his testimony, the ability to hear clearly, Chen's access to his American counsel, and Li's access to Chen, his counsel, and the interpreter. Doc. 142 at 1. Concerns about accuracy due to language or translation barriers would exist in any deposition of Chen, and the Court is not persuaded that modern video-conference technology will present audio problems. Nor can the Court credit concerns about access to counsel when a video conference has not been attempted.

Doc. 149 at 5. Defendant nonetheless failed to conduct a video deposition.

Defendant now argues that she could not arrange such a video deposition if Chen's was unwilling to appear, but this was not the argument she made before. *Id.* Moreover, if Chen was unwilling to appear for a video deposition, he surely would have been unwilling to take the other steps Defendant proposed – fly to the United States, fly to an international airport, or appear for an in-person deposition in China.

The Court was prepared to preclude the government from using Chen's deposition at trial in light of the fact that Defendant had not asked Chen questions. As the Court recalls, however, Defendant asked that the deposition be used. The Court accordingly considered portions of Chen's deposition that supported Defendants' claims in this case.

In short, the Court cannot conclude that the handling of the Chen deposition presents a substantial case for relief on the merits or the existence of serious questions. Because Defendant cannot satisfy the first element for a stay of the judgment, the Court need not address the other elements.

**IT IS ORDERED**:

1. Defendant Li's motion for a stay of judgment (Doc. 224) is **denied**.

2. In accordance with the Court's discussion with counsel and Defendant Li on October 3, 2014 (Doc. 228), defense counsel's motion to withdraw (Doc. 222) is **granted**. The Court understands that defense counsel will file a notice of appeal for Defendant Li, but will have no further responsibility to prosecute the appeal on her behalf. *See* Doc. 228.

Dated this 28th day of October, 2014.

_____
David G. Campbell
United States District Judge